NICOLE R. MCATEE, CA Bar No. 288700
nicole.mcatee@ogletree.com
AUSTIN J. FREEMAN, Ca Bar No. 345009
austin.freeman@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:  213-239-9800
Facsimile:   213-239-9045

Attorneys for Defendant
MICHAELS STORES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THELMA DANIELS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MICHAELS STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. __5:26-cv-01506_____<br><br>**DEFENDANT MICHAELS STORES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Notice of Related Cases; Declarations of Phillip Walters and Austin J. Freeman in Support of Removal]<br><br>Complaint Filed: February 6, 2026<br>Trial Date:        None<br>District Judge:   Hon. _____<br>                       Courtroom __<br>Magistrate Judge: Hon. _____<br>                       Courtroom __ |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF THELMA DANIELS AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendant Michaels Stores, Inc. ("Defendant" or "Michaels"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1446, on the grounds that complete diversity of citizenship exists between plaintiff Thelma Daniels ("Plaintiff"), a California citizen, and Michaels, a Delaware and Texas citizen, and the amount in controversy exceeds the jurisdictional minimum of $75,000. The foregoing facts were true at the time Plaintiff filed the civil complaint in this matter and true as of the date that Michaels files this Notice of Removal ("Notice"), as more fully set forth below. In support of such removal, Michaels states as follows:

## I.    PLEADINGS AND PROCESS

1.    Parties: Michaels brings this Notice of Removal on its own behalf.

2.    Pleadings: In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders served in this action, including the summons, complaint, and answer, are attached to the Declaration of Austin J. Freeman ("Freeman Decl.") filed concurrently with this Notice, ¶ 2, Exs. A, B.

3.    Proper Court and Intradistrict Assignment:  Removal to this Court is proper under 28 U.S.C. section 1441(a) because San Bernardino Superior Court is geographically located within this Court's district and division.

4.    Notice: Michaels is serving a copy of this Notice on all adverse parties, and a notice will be filed with the clerk of Superior Court of California for the County of San Bernardino pursuant to 28 U.S.C. § 1446(d).

/ / /

/ / /

DEFENDANT MICHAELS STORES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

5. <u>Signature</u>: This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

6. By removing on the basis of diversity jurisdiction, Michaels does not concede or make any admissions relating to the merit and/or value of Plaintiff's allegations, claims or damages. Michaels denies the material allegations contained in the Complaint, generally and specifically.

## II.    TIMELINESS OF REMOVAL

7. On February 6, 2026, Plaintiff filed a civil complaint in San Bernardino Superior Court entitled, "*Thelma Daniels, an individual, Plaintiff, vs. Michaels Stores, Inc., a Delaware corporation; and DOES 1 through 50, inclusive, Defendants[,]*" case number CIVRS2601123 (hereinafter, the "State Action"). The civil complaint ("Complaint") asserts causes of action against Michaels for: (1) Disability Discrimination in Violation of Fair Employment & Housing Act ("FEHA"); (2) Failure to Provide Reasonable Accommodation in Violation of FEHA; (3) Failure to Engage in Good Faith Interactive Process in Violation of FEHA; (4) Retaliation in Violation of FEHA; (5) Failure to Prevent Discrimination, Harassment, and/or Retaliation; and (6) Wrongful Termination in Violation of Public Policy. A true and correct copy of the Complaint is attached to this Notice as "**Exhibit A**"; *see also* Freeman Decl., ¶ 2, Ex. A.

8. On February 27, 2026, Michaels was personally served with the Complaint, summons, and other accompanying documents. A true and correct copy of the service packet and answer to Complaint are attached to this Notice as "**Exhibit B**"; *see also* Freeman Decl., ¶ 3, Ex B.

9. This Notice is timely as it is filed less than one year from the date this action was commenced and within 30 days of service upon Defendant. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)

/ / /

/ / /

Case No. _____

DEFENDANT MICHAELS STORES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

(30-day deadline to remove commences upon service of the summons and complaint).[1]

10.    Plaintiff also names "DOES 1 through 50" in the Complaint. Michaels is informed and believes, and on that basis alleges, that Plaintiff has caused none of the fictitiously-named defendants to be served with the summons and complaint in this action.  Therefore, those fictitiously-named defendants are not parties to the above-captioned action and need not consent to removal.  *See* 28 U.S.C. § 1441(b)(1); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("Does" defendants need not be joined in a removal petition).

## III.    DIVERSITY JURISDICTION EXISTS IN THIS ACTION

11.    This is a civil action of which this Court has original diversity jurisdiction under 28 U.S.C. section 1332, and is properly removable pursuant to the provisions of 28 U.S.C. sections 1441(a) and (b), because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states, as set forth below.

### A.    The Citizenship of the Parties is Diverse

12.    For removal purposes, citizenship is measured both when the action is filed and removed.  *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

#### 1.    Plaintiff is a Citizen of California

13.    For diversity purposes, the citizenship of a natural person is determined by his/her state of domicile.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Lew v. Moss*, 797 F.2d 747, 751 (9th

---

[1] Federal Rule of Civil Procedure 6(a) provides that where the deadline to take action is a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." A removal notice is timely and within "30 days" within the meaning of 28 U.S.C. § 1446(b) where the 30-day period falls on a weekend and the notice is filed on Monday. *See, e.g., Daggs v. FCA US LLC,* No. 2:20-cv-03867-ODW-JEM, 2020 WL 5407455, at *2 (C.D. Cal., Sept. 9, 2020).

Case No. _____

DEFENDANT MICHAELS STORES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co.*, 19 F.3d at 519-20 (allegation by party in state court complaint of residency created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise). Plaintiff is a citizen of California, having resided and domiciled in Riverside County, California at all relevant times during her employment with Michaels, as well as at the time that Plaintiff filed this action and that Michaels filed this Notice. Freeman Decl., **Ex. A**, Complaint, ¶ 2; *see also* Declaration of Phillip Walters ("Walters Decl."), filed concurrently with this Notice, at ¶ 2.  Accordingly, Plaintiff is a <u>citizen</u>, <u>resident</u>, and <u>domiciliary</u> of the State of California.

### 2. Defendant Michaels is Not a Citizen of California

14. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id.* at 1184. The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination."  *Id; see also Montrose Chem. Corp. of California v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that an entity's principal place of business is the state in which it performs a substantial predominance of its operations and, when no state contains a substantial predominance of the business activities, then the entity's principal place of business is the state in which the entity performs its executive and administrative functions).

15.    At all times on or after the date this action was filed, Michaels has been a citizen of the states of Texas and Delaware. Michaels has its principal place of business in Texas, as that is the primary location in which Michaels' high level management controls and coordinates essential activities for Michaels, including those pertaining to executive functions, finance, management, and human resources. Walters Decl. at ¶ 3. Michaels' senior executives all work out of its headquarters in Texas, including the Chief Executive Officer, Chief Financial Officer, Treasurer, and Controller. *Id*. Michaels was incorporated and organized in the State of Delaware as a corporation. *Id.* Defendant was neither formed in California, nor does it have a principal place of business in California. *Id*. Accordingly, for purposes of determining diversity, Michaels is regarded as a citizen of Delaware and Texas, and not a citizen of California.

16.    Thus, the Parties are completely diverse in this matter because Plaintiff is a citizen of California, and Michaels is a citizen of Texas and Delaware.

### 3.    Citizenship of Doe Defendants Must be Disregarded

17.    <u>Does' Citizenship</u>. Pursuant to 28 U.S.C. § 1441(b)(1), the Court shall disregard the citizenship of defendants sued under fictitious names for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *See* 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered).

18.    Thus, the existence of Doe Defendants 1 through 50, does not deprive this Court of jurisdiction.

### 4.    Complete Diversity of Citizenship is Established

19.    For the reasons stated above, complete diversity of citizenship exists between Plaintiff and Michaels.

### B.    <u>Michaels Need Only Show by a Preponderance of the Evidence That the Amount in Controversy Exceeds $75,000</u>

20.    While Michaels denies any liability as to Plaintiff's claims, the amount

6                    Case No. _____

in controversy in this action exceeds the sum of $75,000. Plaintiff alleges, *inter alia*, that during her employment with Michaels as a salaried employee, Michaels allegedly discriminated against her because of her alleged disability and requests for medical leave, failed to interact with her regarding accommodations of her alleged disability or provide any such reasonable accommodations, retaliated against her for requesting leave for medical reasons or other accommodations, as well as allegedly engaging in other protected conduct, failed to prevent discrimination and retaliation, and wrongfully terminated her employment. *See* Freeman Decl., **Ex. A**, Complaint, generally.

21.    The amount in controversy is determined from the allegations or prayer of a complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938) (inability to recover an amount adequate to give court jurisdiction does not show bad faith or out court of jurisdiction). If a complaint does not, on its face, reflect the amount in controversy, the Court may consider facts from the removal petition, as well as evidence submitted by the parties, relevant to the amount in controversy at the time of removal. *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997).

22.    The Federal Court's Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), which applies to state and federal lawsuits commenced on or after January 6, 2012, defines the standard for showing the amount in controversy.  Pub. L. 112-63, Title II, § 205.  Under the JVCA, Congress clarified that the preponderance of the evidence standard applies to removals under 28 U.S.C. § 1332(a). *See* H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met"). 28 U.S.C. § 1446(c)(2)(A) provides, in relevant part, that "the notice of removal may assert the amount in controversy if the initial pleading seeks … a money judgment, but the State practice … permits recovery of damages in excess of the amount demanded."  Under these circumstances, "removal of the action is proper on the basis of an amount in controversy … if the district court

finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)," or $75,000. 28 U.S.C. § 1446(c)(2)(B). Accordingly, a removing defendant must demonstrate that the amount in controversy is more than $75,000 by a preponderance of the evidence, not to a legal certainty.

23. The United States Supreme Court has held that, "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v, Owens*, 135 S. Ct. 547, 554 (2014). The Ninth Circuit has also rejected application of the legal certainty standard for removals. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. Aug. 27, 2013) ("A defendant seeking removal … must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum").

24. To meet this relatively low evidentiary burden, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In addition to the contents of the removal petition, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations"); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendant's own numbers" for "purposes of analyzing the amount in controversy"). Such calculations are more than sufficient to establish the amount in controversy. *See Rippee*, 408 F. Supp. 2d at 986 ("The amount of overtime claims in controversy can … be calculated using a combination of Defendant's own numbers and Plaintiff's allegations").

25. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). In determining the amount in controversy,

8

the Court must consider the aggregate of general damages, special damages, punitive damages, and attorney fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972). To satisfy the amount in controversy of $75,000, exclusive of interest and costs, is not "daunting," as courts in this Circuit recognize that a removing defendant is not obligated to "research, state and prove the plaintiff's claim for damages." *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dis. LEXIS 31515, *7 (E.D. Cal., April 30, 2007). Michaels needs only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 56 F.3d 696, 699 (9th Cir. 2007). Thus, "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).

### 1. Plaintiff's Potential Lost Earnings (Back and Front Pay) Exceed the Jurisdictional Minimum for Diversity Removal

26. Plaintiff alleges that, on May 22, 2025, Michaels terminated her employment. *See* Freeman Decl., **Ex. A**, Complaint, ¶ 33. Plaintiff also claims that as "Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial." *Id.* ¶¶ 44, 59, 75, 88, 99, 110, Prayer for Relief, ¶ 1.

27. <u>Back pay</u>. Plaintiff's claims for lost earnings specifically includes lost back pay. *Id.* At the time of Plaintiff's alleged wrongful termination on May 22, 2025, Plaintiff earned $98,034.75 per year and worked on average 40 hours a week. *See* Walters Decl., ¶ 2; *see also* Freeman Decl., Ex. A, Complaint, ¶ 19. Accordingly, Plaintiff was making $1,885.28 ($98,034.75 / 52) per week. Through the date of this removal (March 30, 2026), Plaintiff has not worked for Michaels for more than forty-

four (44) weeks. Given Plaintiff's weekly rate of $1,885.28, she allegedly lost **$82,952** ($1,885.28 x 44 weeks) in wages as of March 30, 2026.

28.     The trial or arbitration in this case will likely not occur until March 2027 (i.e., one year after the date that this matter is removed).  Thus, by the time of trial or arbitration, Plaintiff will likely seek an additional 52 weeks of back pay in the amount of **$98,034** ($1,885.28 x 52 weeks).

29.     Consequently, Plaintiff's back pay claim through trial or arbitration based on her base rate of pay is **$180,986.**

30.     <u>Front pay</u>.  In addition to back pay, Plaintiff also seeks lost future wages. *Id.* at ¶¶ 44, 59, 75, 88, 99, 110, Prayer for Relief, ¶ 1.  A plaintiff who successfully alleges wrongful termination or discriminatory discharge of employment generally seeks an award of front pay.  *See, e.g.*, *Cassino v. Reichhold Chemicals, Inc*., 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement under the Age Discrimination in Employment Act); *Secru v. Laboratory Corp. of America*, WL 3755763, at *2 n.3. (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2 n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also, Crum v. Circus Circus Enters*., 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).  Here, even conservatively estimating that at the time of trial or arbitration in late March 2027 2026, Plaintiff will seek two years of front pay, Plaintiff's lost earnings for that two year period are another **$196,068** ($98,034 earnings per year [Walters Decl., ¶ 2] x 2 years).

31.     Thus, based on Plaintiff's allegations, her lost wages alone as approximately **$377,054** ($98,034 in back pay by the time of the estimated trial or arbitration hearing date + $196,068 in front pay for the two year period after the time of trial or arbitration)—an amount in controversy that far exceeds the minimum

required for diversity jurisdiction.

### 2. Plaintiff's Emotional Distress Damages Claims Also Exceed the Jurisdictional Minimum for Diversity Removal

32.  Plaintiff also seeks general, non-economic damages, including for emotional distress.  *See* Freeman Decl. **Ex. A**, Complaint, ¶¶ 45, 60, 76, 89, 100, 111, Prayer for Relief, ¶ 1. Although Michaels denies any liability to Plaintiff for emotional distress and mental pain and suffering, these alleged damages must be included when calculating the amount in controversy.  *See Ajimatanrareje v. Metro. Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339, *4 (N.D. Cal. May 12, 1999) (emotional distress damages "may be considered in the amount in controversy").  A review of jury verdicts in California demonstrates that emotional distress awards in discrimination cases commonly exceed $75,000.

*Disability discrimination (similar to Plaintiff's claims) verdicts/awards*:

a. *Roque v. Octapharma Plasma, Inc.,* No. 37-2021-00020936-CU-WT-CTL, 2024 WL 5007307 (Sept. 9, 2024 San Diego County Sup. Ct.) ($2,205,000 for past and future pain and suffering and emotional distress with claims involving disability discrimination and failure to provide reasonable accommodations);

b. *Kettl v. Good-Men Roofing and Construction, Inc.*, No. 37-2020-00048003-CU-WT-CTL, 2024 WL 5359491 (Sept. 19, 2024 San Diego County Sup. Ct.) ($600,000 for past non-economic loss in disability discrimination, retaliation, and wrongful termination case);

c. *Faye v. Los Angeles Unified Sch. Dist.,* No. 21STCV22368, 2024 WL 3339535 (Mar. 20, 2024 L.A. County Sup. Ct.) ($750,000 for past loss of enjoyment of life, mental suffering, and emotional distress where employee was terminated based on his disability);

d. *Leggins v. Rite Aid Corporation*, *et. al.,* No. BC511139, 2015 WL 4610281 (July 20, 2015 L.A. County Sup. Ct.) ($2,500,000 for past and

future pain and suffering in age and disability discrimination and harassment case where the plaintiff claimed he was terminated in retaliation for his disability and complaints of harassment and discrimination);

e. *Palma v. Rite Aid Corp.*, No. BC465411, 2012 WL 3541952 (July 24, 2012 L.A. County Sup. Ct.) (award of $3,000,000 in pain and suffering to employee who was terminated after taking medical leaves in disability discrimination case);

f. *Cosby v. Autozone, Inc*. 2010 WL 1012678 (E.D. Cal. Feb. 12, 2010) (award of $1,326,000 in mental suffering to employee terminated based on disability);

g. *Lopez v. Bimbo Bakeries USA, Inc.*, No. CGC-05-445104, 2007 WL 1765192 (May 22, 2007 Cal. Super. Ct.) (awarding $2,340,700 to former delivery driver claiming employer failed to accommodate her pregnancy and terminated her because of her disability leave); and

*Other employment discrimination verdicts/awards*:

h. *Sosa v. Comerica Bank et al.*, No. BC675252, 2023 WL 8642072 (Nov. 16, 2023 L.A. County Sup. Ct.) ($12,000,000 for past noneconomic damages for claims involving gender discrimination);

i. *Lenihan v. County of Los Angeles*, No. BC656759, 2022 WL 20275188 (Nov. 17, 2022 L.A. County Sup. Ct.) ($172,500 for pain and suffering in age discrimination matter);

j. *Camp v. Los Angeles Unified Sch. Dist.*, No. BC673403, 2021 WL 5824776 (Nov. 8, 2021 L.A. County Sup. Ct.) ($2,500,000 awarded to employee for pain and suffering due to claims involving racial discrimination).

33. Plaintiff's allegations that Michaels failed to accommodate her and failed to engage in the interactive process are similar to both the factual and legal issues

12

raised in the cases above. Given each of Plaintiff's allegations, when measured in light of the allegations and damages awarded in the cases cited above, even from a conservatively measured standpoint, Plaintiff's prayer for emotional distress demonstrates that, at the time of removal, the amount in controversy exceeds $75,000.

### 3. Plaintiff's Request for Punitive Damages and Attorney Fees Also, On Their Own, Exceed the Jurisdictional Minimum for Diversity Removal

34. Plaintiff claims that she is entitled to punitive damages. *See* Freeman Decl., **Ex. A**, Complaint, ¶¶ 46, 61, 77, 90, 101, 112, Prayer for Relief, ¶ 4. Although Michaels denies any liability to Plaintiff for punitive damages, these damages are included when calculating the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (the "amount-in-controversy requirement excludes only 'interests and costs'"). An examination of jury awards shows that punitive damages awards alone in these types of discrimination cases often exceed the $75,000 amount in controversy requirement. *See Weerasignhe v. Cedars-Sinai Med. Ctr.*, 2024 WL 5077923 (L.A. County Sup. Ct., June 18, 2024) ($2,500,000 award of punitive damages in discrimination case); *see also Buron v. Occupational Health Ctrs. Of California, et al.*, 2023 WL 11817885 (San Diego Sup. Ct., Dec. 20, 2023) ($7,810,000 punitive damages award in matter involving claims of failure to engage in interactive process); *Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Sup. Ct., Oct. 7, 2001) ($600,000 award of punitive damages in discrimination case).

35. Plaintiff also seeks attorney fees. *See* Freeman Decl., **Ex. A**, Prayer for Relief, ¶ 7. Although Michaels denies any liability to Plaintiff for attorney fees, claims for attorney fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney fees to be included in amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004,

1010-11 (N.D. Cal. 2002) (attorney fees included in determining jurisdictional amount).

## IV.   **THIS REMOVAL IS PROPER**

36.   The aggregation of Plaintiff's potential economic and special damages, general and emotional distress damages, punitive damages and attorney fees is sufficient evidence that, "more likely than not," the amount at issue in this lawsuit far exceeds the minimum amount required for diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir.) *opinion amended and superseded on denial of reh'g*, 102 F.3d 398 (9th Cir. 1996). Based upon the allegations contained in Plaintiff's Complaint, Michaels is informed and believes that Plaintiff seeks damages far exceeding $75,000, which is within the jurisdictional authority of this Court.

37.   Since diversity of citizenship exists between the Plaintiff and Michaels, and the matter in controversy between the parties is in excess of $75,000, exclusive of interests and costs, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## V.   **VENUE**

38.   In accordance with 28 U.S.C. § 1446(a), this Notice is filed in the District Court of the United States in which the action is pending.  The State Court Action was pending in the Superior Court of California, County of San Bernardino, which is located in the United States District Court for the Central District of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2).

//

//

//

14                    Case No. _____

DEFENDANT MICHAELS STORES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

## VI.    **PRAYER FOR REMOVAL**

WHEREFORE, Michaels respectfully requests that the State Action be removed from the state court in which it was filed to the United States District Court, in and for the Central District of California, and further requests that this Court issue all necessary orders and process and grant such other and further relief as in law and justice that Michaels may be entitled to receive.

DATED: March 27, 2026                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Austin J. Freeman
    Nicole R. McAtee
    Austin J. Freeman

Attorneys for Defendant
MICHAELS STORES, INC.

96188383.v2-OGLETREE

DEFENDANT MICHAELS STORES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT